UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICOLE CASS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2590-WBV-DPC** |
| **MOUNTAIN LAUREL ASSURANCE COMPANY, ET AL.** | **SECTION: D (2)** |

## ORDER and REASONS

Before the Court is a Motion to Remand filed by plaintiff, Nicole Cass.[1] The Motion to Remand was set for submission on October 4, 2022. Pursuant to Local Rule 7.5, any response was due by September 26, 2022. As of the date of this Order, no opposition has been filed. Additionally, neither Mountain Laurel Assurance Company ("Mountain Laurel") nor Michael G. Morgan have moved for an extension of the submission date or the deadline to file an opposition brief. The remaining defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), has not yet made an appearance in this case. Thus, the Motion is unopposed.

After careful review of the Motion to Remand, the record, and the applicable law, the Motion is **GRANTED** and this matter is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

---

[1] R. Doc. 15.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a car accident that allegedly occurred on July 6, 2021 between plaintiff, Nicole Cass, and defendant, Michael Morgan.[2] On or about June 24, 2022, Plaintiff filed a Petition for Damages in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, against Morgan and his insurer, Mountain Laurel, as well as Plaintiff's uninsured/underinsured motorist insurer, State Farm, seeking damages for injuries she allegedly sustained as a result of the accident.[3]

On August 9, 2022, Mountain Laurel removed the matter to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[4] Although the Notice of Removal contains no information regarding whether Morgan and State Farm joined in or consented to the removal, Mountain Laurel attached a "Notice of All Parties Remaining In This Action Pursuant to 28 U.S.C. § 1447(b)," asserting that Morgan had not yet been served and that State Farm had not yet made an appearance in the case.[5] Because the Notice of Removal failed to sufficiently allege the citizenship of the parties and contained insufficient information to show that the amount in controversy likely exceeds the $75,000 threshold, the Court issued an Order on August 11, 2022, requiring Mountain Laurel to file an amended notice of removal addressing these issues.[6]

---

[2] R. Doc. 1-2 at ¶¶ 5-9.
[3] *Id.* at ¶¶ 1 & 11-13.
[4] R. Doc. 1 at ¶ 3.
[5] R. Doc. 1-3 at p. 2.
[6] R. Doc. 6.

On August 15, 2022, Mountain Laurel filed an Amended Notice of Removal pursuant to the Court's August 11, 2022 Order, but again failed to sufficiently allege its own citizenship and failed to provide information showing that the amount in controversy is met for diversity jurisdiction.[7] As a result, the Court issued another Order on August 16, 2022, *sua sponte* striking the Amended Notice of Removal for failure to comply with the Court's August 11, 2022 Order and giving Mountain Laurel additional time to file an amended notice of removal.[8] On August 19, 2022, Mountain Laurel filed a Comprehensive Amended Notice of Removal, again asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332.[9] Mountain Laurel asserts in the Comprehensive Amended Notice of Removal that, "To date, no defendant has been served with the Citation and Petition, per the 34th Judicial District Court," and that, "No other party has filed an Answer."[10]

Plaintiff filed the instant Motion to Remand on September 8, 2022, asserting that this case must be remanded to state court because not all of the properly joined and served defendants have joined-in or consented to removal, as required under 28 U.S.C. § 1446.[11] According to the Motion, Plaintiff believes that all of the defendants were served with a copy of the Petition while the matter was pending in state court.[12] Specifically, Plaintiff contends that Morgan was served on July 8, 2022 through Louisiana's Long-Arm Statute, La. R.S.13:3201, *et seq.*, and that State Farm was

---

[7] R. Doc. 7.
[8] R. Doc. 9.
[9] R. Doc. 10 at ¶ 3.
[10] *Id.* at ¶ 14.
[11] R. Doc. 15.
[12] R. Doc. 15-1 at p. 2.

served through its agent for service of process, the Louisiana Secretary of State, on August 9, 2022.[13] Plaintiff claims that the Comprehensive Amended Notice of Removal and the Notice of Remaining Parties attached thereto incorrectly state that none of the defendants were served at the time of removal.[14] Relying upon Fifth Circuit authority, Plaintiff argues that 28 U.S.C. § 1446(b)(2)(A) states that, "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."[15] Because the remaining defendants, Morgan and State Farm, had been properly served at the time of removal and did not join-in or consent to the removal in this case, Plaintiff asserts that this case was improvidently removed and should be remanded to state court.

As previously mentioned, neither Mountain Laurel nor Morgan have filed a response to the Motion to Remand, and State Farm has not yet made an appearance in this case.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[16] Federal district courts have original jurisdiction of all civil actions which arise under the Constitution, laws, or treaties of the United States.[17] "When

---

[13] *Id.* (*citing* R. Docs. 12, 12-2, & 15-2).
[14] R. Doc. 15-1 at p. 3 (*citing* R. Doc. 10 at ¶ 14 & R. Doc. 10-3 at ¶ 1).
[15] R. Doc. 15-1 at pp. 3-6 (citing authority & *quoting* 28 U.S.C. § 1446(b)(2)(A)) (internal quotation marks omitted).
[16] 28 U.S.C. § 1441(a).
[17] 28 U.S.C. § 1331.

a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court."[18] If consent of all served defendants is not timely obtained, the removal is procedurally defective.[19] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[20] The removing party has the burden of establishing federal jurisdiction.[21] Remand is proper if, at any time, the Court lacks subject matter jurisdiction.[22]

In cases with multiple defendants, the Fifth Circuit previously followed the first-served defendant rule, under which all defendants needed to join in the removal within 30 days of the date the first defendant was served.[23] Pursuant to a 2011 statutory amendment adopting the last-served rule, however, 28 U.S.C. § 1446(b) now provides that, "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."[24] In revising § 1446(b), Congress also codified the "rule of unanimity."[25] Thus, "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[26]

---

[18] 28 U.S.C. § 1446(b)(2)(A).
[19] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); see also *Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.").
[20] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[21] *Dandridge v. Tyson Foods, Inc.*, 823 F. Supp. 2d 447, 450 (S.D. Miss. 2011).
[22] 28 U.S.C. § 1447(c).
[23] *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)).
[24] 28 U.S.C. § 1446(b)(2)(B).
[25] *Crowley v. Amica Mut. Ins. Co.*, Civ. A. No. 12-775, 2012 WL 3901629, at *2 (E.D. La. Sept. 7, 2012) (Vance, J.) (citing *Penson Fin. Serv., Inc. v. Golden Summit Investors Group, Ltd.*, Civ. A. No. 3:12-CV-300-B, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012)).
[26] 28 U.S.C. § 1446(b)(2)(A).

To demonstrate defendants' unanimous consent to removal, the Fifth Circuit requires "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant."[27] As explained by another Section of this Court, "courts within the Fifth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient."[28] Additionally, "courts applying *Getty Oil* have remanded cases for lack of written consent when the nonmoving defendants submitted affidavits attesting to their consent after the 30-day period for removal had ended."[29]

## III. ANALYSIS

Here, Mountain Laurel has not alleged in its Notice of Removal, its Amended Notice of Removal, or its Comprehensive Amended Notice of Removal that the

---

[27] *Getty Oil Corp.*, 841 F.2d at 1262 n.11.
[28] *Crowley*, Civ. A. No. 12-775, 2012 WL 3901629, at *3 (citing *Goldman v. Nationwide Mut. Ins. Co.*, Civ. A. No. 11-1414, 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (Feldman, J.); *Jacob v. Greyhound Lines, Inc.*, Civ. A. No. 02-2199, 2002 WL 31375612, at *7 (E.D. La. Oct. 21, 2002) (Vance, J.); *Martinez v. Entergy Corp.*, Civ. A. No. 04-1027, 2004 WL 2661815 (E.D. La. Nov. 19, 2004) (Lemmon, J.); *Spoon v. The Fannin Cnty. Cmty. Supervision and Corr. Dept.*, 794 F. Supp. 2d. 703 (E.D. Tex. 2011) (collecting cases)). *See also*, *Melton v. Toney*, Civ. A. No. 17-473-JWD-EWD, 2017 WL 11543680, at *4 (M.D. La. Dec. 5, 2017), *report and recommendation adopted by* 2017 WL 11543720 (M.D. La. Dec. 21, 2017) ("As explained by this court, 'various district court decisions in the Fifth Circuit applying *Getty Oil* have consistently rejected representations from one party that the other parties consent in the removal and have therefore granted a motion to remand.") (quotation omitted) (citing authority).
[29] *Crowley*, Civ. A. No. 12-775, 2012 WL 3901629, at *3 (citing *Martinez*, Civ. A. No. 04-1027, 2004 WL 2661815, at *3; *Cornella v. State Farm Fire and Cas. Co.*, Civ. A. No. 10-1169, 2010 WL 2605725, at *1-2 (June 22, 2010) (Engelhardt, J.)).

remaining defendants, Morgan and State Farm, have either consented to or joined in the removal in this case.[30] In its Comprehensive Amended Notice of Removal filed on August 19, 2022, which is the operative notice of removal before the Court, Mountain Laurel asserts that, "To date, no defendant has been served with the Citation and Petition, per the 34th Judicial District Court," and that, "No other party has filed an Answer."[31] The evidence before the Court, however, belies this assertion, and greatly troubles the Court.

The record reflects that Plaintiff mailed a certified copy of the Petition to Morgan, a Mississippi domiciliary,[32] on July 8, 2022.[33] As explained by another Section of this Court, "To satisfy the Louisiana long-arm statute, plaintiffs need only send a certified copy of the summons and complaint to a non-resident defendant by registered or certified mail; there is no requirement for a signed return receipt or actual physical service."[34] The Court finds that Plaintiff has satisfied the requirements of service under Louisiana's long-arm statute and that Morgan was served with a copy of the state court Petition on July 8, 2022, a month before Mountain Laurel removed this case on August 9, 2022, and six weeks before Mountain Laurel asserted, "To date, no defendant has been served with the Citation and Petition."[35] The Court further finds that Morgan had been "properly joined and served" at the time of removal under 28 U.S.C. § 1446(b)(2)(A), and was required to

---

[30] *See,* R. Docs. 1, 7, & 10.
[31] R. Doc. 10 at ¶ 14.
[32] *Id.* at ¶ 4.
[33] R. Doc. 12.
[34] *James v. Progressive Specialty Insurance Company*, Civ. A. No. 19-2288, 2019 WL 6728343, at *1 (E.D. La. Dec. 11, 2019) (Ashe, J.).
[35] *See,* R. Doc. 1 & R. Doc. 10 at ¶ 14.

either join in or consent to the removal of this action. Accordingly, this matter must be remanded to state court because removal was procedurally defective.[36]

## IV.    CONCLUSION

Based on the foregoing analysis, **IT IS HEREBY ORDERED** that the Motion to Remand[37] is **GRANTED** and this matter is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, October 6, 2022.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[36] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992). Because the Court finds that Morgan was properly joined and served as a defendant in this matter at the time of removal on August 9, 2022, the Court need not address whether State Farm was also properly joined and served at the time of removal.
[37] R. Doc. 15.